UNITED STATES OF AMERICA

IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

ROBERT RUMPZ,

    Plaintiff,

vs.

AMERICAN DRILLING & TESTING, INC.,
a Michigan corporation,

    Defendant.

Case No: 09-10971
Hon. Avern Cohn
Magistrate Donald A. Scheer

_____/

| JOEY S. NISKAR (P55480) | ANTHONY S. GUERRIERO (P31270) |
|---|---|
| The Niskar Law Firm, PLLC | MELETIOS T. GOLEMATIS (P46261) |
| Attorney for Plaintiff | Attorneys for Defendant |
| 30600 Telegraph Rd., Ste 4290 | 6828 Park Avenue |
| Bingham Farms, MI 48025 | Allen Park, MI 48101 |
| (248) 220-1966 | (313) 388-0500 |
| E-mail: Joeynlaw@aol.com | E-mail: guerriero.law@sbcglobal.net |

_____/

## DEFENDANT'S MOTION TO DISMISS UNDER FRCP 12(B)(6)

NOW COMES the Defendant, AMERICAN DRILLING & TESTING, INC., by and through its attorneys, Anthony S. Guerriero and Meletios T. Golematis, and for its Motion to Dismiss Plaintiff's Complaint under FRCP 12(b)(6), states:

    1.    In paragraphs 6 and 7 of his Complaint, Plaintiff alleges that while employed by Defendant from 1991 until 1996, Defendant failed to pay him for compensable waiting time, vehicle loading, and travel time from the Defendant's place of business to the work sites at which Plaintiff was assigned to work.

    2.    In paragraph 8 of his Complaint, Plaintiff alleges that beginning in 1996, Defendant began paying Plaintiff for the time spent performing the tasks

mentioned above but refused to count that time toward the 40-hour overtime requirement under federal and state law.

3. The allegations set forth in paragraphs 6 through 8 of Plaintiff's Complaint constitute the entire factual basis underlying Plaintiff's Complaint.

4. Plaintiff asserts in Count I of his Complaint that these facts constitute a willful violation by Defendant of 29 USC § 207 of the Fair Labor Standards Act of 1938.

5. Plaintiff asserts in Count II of his Complaint that these same facts also constitute a willful violation by Defendant of the Michigan Minimum Wage Law of 1964, MCL § 408.381, et seq.

6. Based upon these allegations, Plaintiff seeks damages including loss of wages, loss of overtime pay, interest, costs of litigation, attorney fees, and liquidated damages as provided under both the Fair Labor Standards Act of 1938 and the Michigan Minimum Wage Law of 1964.

7. The applicable statute of limitations governing Plaintiff's claims of violation of the Fair Labor Standards Act of 1938 is 29 USC § 255 and provides that a cause of action alleging such violation must be commenced within 3 years after the cause of action accrued.

8. Likewise MCL § 408.393 imposes on the employee a 3-year limitation period to bring a cause of action for violation of the Michigan Minimum Wage Law of 1964.

9. Plaintiff's Complaint specifically limits the time period that Defendant allegedly failed to pay Plaintiff for waiting time, vehicle loading, and

travel time from Defendant's place of business to the work sites from March 1991 to 1996. Thus all such claims are barred by both the federal and state statutes of limitations cited above.

10. Plaintiff's remaining claim is that "beginning in 1996" Defendant refused to count travel time toward the 40-hour overtime requirements. Plaintiff does not specify the length of time Defendant allegedly continued this practice but to the extent that such violations excurred prior to March 16, 2006 (three years prior to the filing of this action) they are barred by both the federal and state statutes of limitations cited herein.

11. There was a conference between attorneys or unrepresented parties in which the movant explain the nature of this motion and its legal basis and requested but did not obtain concurrence in the relief sought.

WHEREFORE, Defendant respectfully requests that this Honorable Court grant its Motion and dismiss Plaintiff's Complaint in its entirety or, in the alternative, dismiss to the extent the Court finds Plaintiff's claims are barred by the applicable statutes of limitations.

Respectfully submitted,

_____
Anthony S. Guerriero (P31270)
Meletios P. Golematis (P46261)
Attorneys for Defendant
6828 Park Avenue
Allen Park, MI 48101
(313) 388-0500
E-mail: guerriero.law@sbcglobal.net

Dated: July 17, 2009

UNITED STATES OF AMERICA

IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

ROBERT RUMPZ,

    Plaintiff,

vs.

AMERICAN DRILLING & TESTING, INC.,
a Michigan corporation,

    Defendant.

Case No: 09-10971
Hon. Avern Cohn
Magistrate Donald A. Scheer

_____/

**JOEY S. NISKAR (P55480)**
The Niskar Law Firm, PLLC
Attorney for Plaintiff
30600 Telegraph Rd., Ste 4290
Bingham Farms, MI 48025
(248) 220-1966
E-mail: Joeynlaw@aol.com

**ANTHONY S. GUERRIERO (P31270)**
**MELETIOS T. GOLEMATIS (P46261)**
Attorneys for Defendant
6828 Park Avenue
Allen Park, MI 48101
(313) 388-0500
E-mail: guerriero.law@sbcglobal.net

_____/

### BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS UNDER FRCP 12(b)(6)

NOW COMES the Defendant, AMERICAN DRILLING & TESTING, INC., by and through its attorneys, Anthony S. Guerriero and Meletios T. Golematis, and in support of its accompanying motion to dismiss Plaintiff's Complaint under FRCP 12(b)(6) submits the following:

## QUESTIONS PRESENTED

I. Should Plaintiff's claims based upon violation by Defendant of 29 USC § 207 of the Fair Labor Standards Act of 1938 be barred under the applicable statute of limitations and dismissed?

Plaintiff says "No"
Defendant says "Yes"

II. Should Plaintiff's claims based upon violation by Defendant of MCL 408.384a of the Michigan Minimum Wage Law of 1964 be barred under the applicable statute of limitations and dismissed?

Plaintiff says "No"
Defendant says "Yes"

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

29 USC § 255

MCL 408.393

FRCP 12(b)(6)

*Perry v. McGinnis*, 209 F. 3rd 597 (6th Cir., 1999)

## STATEMENT OF FACTS

Plaintiff, a former employee of Defendant, filed this action on March 16, 2009 alleging that Defendant violated the Fair Labor Standards Act of 1938 (hereinafter, "FLSA") as well as Michigan's Minimum Wage Law of 1964 (hereinafter, "MMWL")  The entire factual basis underlying Plaintiff's claims that Defendant violated each of these Acts is set forth in paragraphs 6 through 8 of his Complaint which provide:

"6. The Plaintiff began his employment with the Defendant in March of 1991, and worked for the Defendant as a driller."

"7. From the time of Plaintiff's hire to 1996, the Defendant failed to pay Plaintiff and its other employees for compensable waiting time, vehicle loading and travel time from the Defendant's place of business to the work sites at which Plaintiff and the other employees were assigned to work.  Plaintiff and the other employees loaded and utilized the Defendant's vehicles, and transported specialty equipment and materials to the various work sites."

"8. Beginning in 1996, the Defendant began to pay Plaintiff and its other employees for the loading and travel time from the Defendant's place of business to the work sites at which Plaintiff and the other employees were assigned to work, but refused to count that travel time toward the 40 hour overtime requirement set forth in 29 USC § 207 and MCL § 408.384a."

Based solely upon these factual allegations, Plaintiff asserts in Count I of his Complaint that Defendant has violated 29 USC § 207 of the FLSA.  Plaintiff further alleges in Count II of his Complaint that these same factual allegations constitute a violation of MCL 408.384a of the MMWL.

## ARGUMENT

### Standard of Review

> An FRCP 12(b)(6) motion to dismiss for failure to state a claim may only be granted if it is clear beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. In determining how to handle the motion, the court must accept all of plaintiff's factual allegations as true and must construe the complaint in the light most favorable to the plaintiff.

<u>Perry v. McGinnis</u>, 209 F. 3rd 507 (6th Cir., 1999) (citations omitted)

I. **PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED WITH RESPECT TO COUNT I OF PLAINTIFF'S COMPLAINT FOR VIOLATION OF THE FLSA.**

In his Complaint, Plaintiff alleges that Defendant violated 29 USC § 207 of FLSA from 1991 until 1996 by failing to pay Plaintiff for waiting time, vehicle loading, and travel time from the Defendant's place of business to the work sites at which Plaintiff was assigned to work. By his own admission in paragraph 8 of his Complaint, Defendant began paying Plaintiff for such loading and travel time beginning in 1996. There is no question, then, that Plaintiff's Complaint for nonpayment of waiting, travel, and loading time is limited to the period beginning with Plaintiff's hire in March 1991 and ending in 1996.

The second claimed violation of the FLSA is that "beginning in 1996" when Defendant began paying Plaintiff for waiting, travel, and loading time Defendant failed to count such time toward the 40-hour overtime requirement as prescribed under 29 USC § 207. The time period during which Defendant allegedly continued to violate this section of the FLSA is unspecified in the complaint.

Consequently, there is no way to determine from the face of the complaint the period of time which Plaintiff alleges that Defendant continued to violate the FLSA by failing to count waiting, travel, and loading time toward the 40-hour overtime requirement.

Plaintiff's ability to bring his claims of violation of the FLSA is governed and limited by the statute of limitations set forth in 29 USC § 255 which provides, in relevant part:

> Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. 201 et seq.]...
>
> (a) If the cause of action accrues on or after May 14, 1947 – may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued;

In his complaint, Plaintiff alleges that Defendant willfully violated the FLSA. Thus, considering this motion in a light most favorable to Plaintiff, there is a three-year statute of limitations applicable to Plaintiff's claims against Defendant under the FLSA. Plaintiff filed this action on March 16, 2009. As a result, to the extent that Plaintiff has alleged violations of, and seeks damages under, the FLSA for Defendant's actions which took place prior to March 16, 2006 (i.e., three years prior to commencement of the action) such claims are forever barred under 29 USC § 255 and must properly be dismissed.

As previously noted, Plaintiff's claim that Defendant failed to compensate Plaintiff for the time spent waiting, loading, and traveling to work sites, Plaintiff clearly alleges that Defendant began compensating him for such time beginning in 1996. These claims, then, should undoubtedly be dismissed as having accrued long before the statute of limitations expired.

As for Plaintiff's remaining claim that, "beginning in 1996", Defendant failed to apply Plaintiff's waiting, loading, and travel time toward the 40-hour overtime requirement, at a minimum all such claims which accrued prior to March 16, 2006 should be dismissed, having been barred by the statute of limitations. And since Plaintiff has not made any reference in his complaint as to whether he was still employed by Defendant on or after March 16, 2006, or that Defendant continued to violate the FLSA by failing to apply time worked toward overtime requirements on or after March 16, 2006, the balance of Plaintiff's claims under the FLSA should likewise be barred for having failed to state a valid claim upon which relief can be granted.

II. **PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED WITH RESPECT TO COUNT II OF PLAINTIFF'S COMPLAINT FOR VIOLATION OF THE MMWL.**

As explained above, Plaintiff's claims under the MMWL are identical to those brought under the FLSA and rely on identical facts. In paragraph 21 of his complaint, Plaintiff specifically seeks those damages provided under MCL 408.393(i)(a) of the MMWL. Section 1 of that very statute imposes a three-year statute of limitations on all claims brought by an employee under the MMWL. (See also, <u>Allen v. MGM Grand Detroit</u>, No. 241350 (Mich App 12/18/2003).)

Given that the same limitations period applies in this case to both FLSA and MMWL claims, Defendant relies upon the same argument under the FLSA above as to the dismissal of Plaintiff's claims under the MMWL in Count II of his complaint.

## CONCLUSION

Based upon the foregoing, Defendant submits that Plaintiff has failed to state a claim upon which relief can be granted under both the FLSA and the MMWL. Application of the applicable three-year statutes of limitation bars all claims which accrued prior to March 16, 2006, and since Plaintiff has failed to allege that he worked for Defendant beyond March 16, 2009 and, further, that Defendant continued to violate the FLSA, the MMWL, or both beyond said date, he has failed to state a valid claim for violations which allegedly accrued on or after March 16, 2009. Thus, Defendant respectfully requests that Plaintiff's complaint be dismissed in its entirety under FRCP 12(b)(6) that Plaintiff be assessed costs and attorney fees incurred by Defendant in defending this meritless claim.

Respectfully submitted,

_____
Anthony S. Guerriero (P31270)
Meletios T. Golematis (P46261)
Attorneys for Defendant
6828 Park Avenue
Allen Park, MI 48101
(313) 388-0500
E-mail: guerriero.law@sbcglobal.net

Dated: July 17, 2009

UNITED STATES OF AMERICA

IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

ROBERT RUMPZ,

    Plaintiff,

vs.

AMERICAN DRILLING & TESTING, INC.,
a Michigan corporation,

    Defendant.

Case No: 09-10971
Hon. Avern Cohn
Magistrate Donald A. Scheer

| **JOEY S. NISKAR (P55480)** | **ANTHONY S. GUERRIERO (P31270)** |
|---|---|
| The Niskar Law Firm, PLLC | **MELETIOS T. GOLEMATIS (P46261)** |
| Attorney for Plaintiff | Attorneys for Defendant |
| 30600 Telegraph Rd., Ste 4290 | 6828 Park Avenue |
| Bingham Farms, MI 48025 | Allen Park, MI 48101 |
| (248) 220-1966 | (313) 388-0500 |
| E-mail: Joeynlaw@aol.com | E-mail: guerriero.law@sbcglobal.net |

## PROOF OF SERVICE

STATE OF MICHIGAN )
                     )ss
COUNTY OF WAYNE )

    Traci L. Jones, being first duly sworn, deposes and says that on July 20, 2009, she served a copy of **Appearance, Defendant's Motion to Dismiss Under FRCP 12(B)(6)** and this **Proof of Service** of same via U.S. Mail upon:

    Joey S. Niskar, Attorney
    The Niskar Law Firm, PLLC
    30600 Telegraph Rd., Ste. 4290
    Bingham Farms, MI 48025

    I declare that the statements above are true to the best of my information, knowledge and belief.

_____
Traci L. Jones