UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT RUMPZ,

       Plaintiff,

                                        Case No. 09-10971

-vs-                                    HON. AVERN COHN

AMERICAN DRILLING & TESTING, INC.,
a Michigan corporation,

       Defendant.

_____/

**MEMORANDUM AND ORDER GRANTING IN PART AND
STAYING IN PART DEFENDANT'S MOTION TO DISMISS**

**I.  Introduction**

      This is a Fair Labor Standards Act (FLSA) case under 29 U.S.C. § 201 et seq.
with a pendant state law claim.  Plaintiff Robert Rumpz (Rumpz) claims that American
Drilling & Testing Inc. (American Drilling), his former employer, failed to properly
compensate him for work performed since 1991.  The complaint is in two counts:

(I)       Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

(II)     Violation of the Michigan Minimum Wage Law (MMWL), MCL § 408.381 et
         seq.

      Now before the Court is American Drilling's motion to dismiss under FED. R. CIV .P.
12(b)(6) on grounds that (1) a part of Rumpz's claims are barred by the statutes of
limitations and (2) any part of his claims not barred by the statutes of limitations are not
plead with sufficient specificity.

For the reasons that follow, the motion will be granted in part and stayed in part.

## II.  Facts and Procedural History

### A.

The following facts are taken from the complaint:

Rumpz began working for American Drilling in March 1991 as a driller.

From March 1991 until 1996, American Drilling did not pay Rumpz for waiting time, vehicle loading time, or travel time between American Drilling's place of business and his work sites.

Beginning in 1996 American Drilling began to pay Rumpz for waiting time, vehicle loading time, and travel time.  However, it did not count this time toward the forty-hour per week overtime compensation requirements of the statutes.

### B.

On March 16, 2009 Rumpz filed his complaint against American Drilling.

On July 20, 2009 American Drilling filed its motion.

On August 25, 2009 Rumpz filed his response to American Drilling's motion which included an affidavit making new factual assertions.

## III.  STANDARD OF REVIEW

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombley, 550 U.S.544, 545 (2007); see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548

2

(6th Cir. 2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." <u>Id.</u> Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Id.</u> In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." <u>Id.</u> at 1949 (internal quotation marks and citation omitted).  This is a rather rigid test which must be carefully applied.

## IV.  ANALYSIS

### A.  Statute of Limitations

#### 1.

When it is apparent from the face of a complaint that a claim is barred by the statute of limitations, it is appropriate to dispose of the barred claim by 12(b)(6) motion.  <u>Hoover v. Langston Equipment Associates, Inc.</u>, 958 F.2d 742, 744 (6th Cir. 1992).  The FLSA states:

> Any action . . . to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages . . . .
> (a) . . . may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action

3

accrued, except that a cause of action arising out of a willful
violation may be commenced within three years after the cause
of action accrued.

29 U.S.C. § 255.  The MMWL includes a three year statute of limitations for all violations

of the act.  Mich. Comp. Laws § 408.393.

Rumpz filed the complaint on March 16, 2009.  The complaint alleges that American

Drilling willfully violated the FLSA and also violated the MMWL.  Thus both claims are

subject to a three year statute of limitations.  The complaint alleges violations extending

back to 1991 – more than three years before it was filed.  Rumpz asserts that the pre-2006

claims[1] should not be time barred because (1) American Drilling's actions constitute a

continuing violation and (2) the claims are subject to equitable estoppel.

**2.**

FED. R. CIV. P. 12(d) states:

> If, on a motion under Rule 12(b)(6) or 12(c) matters outside the
> pleadings are presented to and not excluded by the court, the
> motion must be treated as one for summary judgment under
> Rule 56.  All parties must be given a reasonable opportunity to
> present all the material that is pertinent to the motion.

Thus a court has two choices when it is presented with matters outside of the pleadings on

a 12(b)(6) motion: it can exclude the outside matters and decide based on the pleadings

alone or it can include the outside matters and treat the motion as one for summary

judgment.

Rumpz's response to American Drilling's motion  includes an affidavit in support of

his assertion of equitable estoppel.  This case is in its early stages and American Drilling

---

[1]The Court will refer to the claims which accrued before March 16, 2006 and
which are potentially time barred as "pre-2006 claims."

4

has not yet filed an answer.  To give the parties a reasonable opportunity to fully explain

their respective positions material would undoubtedly require some period of discovery.

As a result, it would not be fruitful to consider Rumpz's affidavit and treat the motion as one

for summary judgment.  Therefore, the affidavit is excluded and the motion will be decided

on the face of the complaint alone.

**3.**

Rumpz asserts that his pre-2006 claims are not barred because the continuing

violations doctrine applies to his claims.  Courts have recognized two types of continuing

violations that can impact the applicability of a statute of limitations to otherwise time barred

claims:

> [T]he continuing violation doctrine embraces two types of
> cases.  The first includes cases in which the original violation
> occurred outside the statute of limitations, but is closely related
> to other violations which are not time-barred.  In such cases,
> recovery may be had for all violations, on the theory that they
> are part of one, continuing violation.
> The second type of continuing violation is one in which an initial
> violation, outside the statute of limitations, is repeated later; in
> this case, each violation begins the limitations period anew,
> and recovery may be had for at least those violations that
> occurred within the period of limitations.

Hendrix v. City of Yazoo City, 911 F.2d 1102, 1103 (5th Cir. 1990) (footnotes omitted).  In

cases where the plaintiff alleges improper calculation or payment of wages, the Sixth Circuit

has held that the second theory of the continuing violation doctrine is applicable.  National

Parks Conservation Ass'n, Inc. v. Tennessee Valley Authority, 480 F.3d 410 (6th Cir. 2007);

Gandy v. Sullivan County, 24 F.3d 861 (6th Cir. 1994).

The question under the second theory is not whether a plaintiff can recover for

claims that accrued outside of the statute of limitations, but whether a plaintiff can recover

5

at all.   If a defendant commits a single violation outside of the statute of limitations and a plaintiff merely suffers a continued effect inside of the statute of limitations, the plaintiff is not entitled to any recovery.   Eidson v. Tennessee Department of Children's Services, 510 F.3d 631, 635  (6th Cir. 2007).   However, if a defendant commits a series of violations that begin outside of the statute of limitations and continue over time, a plaintiff can recover for the violations that occurred within the statute of limitations.   Gandy, 24 F.3d at 864.   In these cases, the term "continuing violation" is a misnomer because the plaintiff is entitled to recovery on the basis that each violation is an independent harm, creating an independent cause of action with a new limitations period.

In cases arising under the FLSA, courts have found that violations based on improper calculation of wages or overtime wages constitute independent causes of action which accrue with each new paycheck. In a case with nearly identical facts, fire department employees alleged that their employer failed to pay them overtime wages and the Eleventh Circuit held that the claims involving paychecks received within the statutory period were not time barred.   Knight v. Columbus, Georgia, 19 F.3d 579 (11th Cir. 1994).   In this case, the city of Columbus made a policy decision that a number of employees were exempt under the FLSA and were not entitled to overtime compensation.   Id. at 580.   The city asserted that its decision to classify the employees as exempt constituted a single violation which occurred outside of the statute of limitations and that the subsequent failure to pay overtime benefits was merely an effect of the city's policy.   Id. at 581.   The Eleventh Circuit disagreed and found that each paycheck for which the city failed to pay overtime created a new cause of action and began a new statute of limitations.   Id. at 582.   The court held that "the officer plaintiffs have a non-barred cause of action with respect to any claims (i.e.

6

any paychecks which omitted pay for overtime worked) that accrued within two years –

three years if the City's violations were willful – of the date the complaint was filed."  Id.

Thus the plaintiffs could maintain their cause of action for claims that arose within the

statute of limitations, but could not use the continuing violations doctrine to "save" a cause

of action for violations occurring outside the statute of limitations.

While the Sixth Circuit has not addressed the precise issue in this case, its

reasoning in other continuing violation cases supports the same outcome.  In a case arising

under the Clean Air Act, the Sixth Circuit cited Knight with approval in determining that the

defendant's actions constituted a series of discrete violations rather than a single violation

with continuing effects.  National Parks, 480 F.3d at 417.  Similarly, when addressing an

alleged violation of the Equal Pay Act, the Sixth Circuit stated:

> Under the Equal Pay Act, a plaintiff's action will not be time-
> barred as long as at least one forbidden discriminatory act
> occurs within the relevant limitations period.  It is irrelevant that
> the employer has committed identical illegal acts prior to the
> limitations period.  To hold otherwise would grant license to
> employers to discriminate perpetually as long as they have
> been doing so unchecked for at least three years.  In this case
> [plaintiff's] rights under the Equal Pay Act were violated with
> every check she received after . . . 1982.  Thus, the court
> properly found that she had a cause of action for the violations
> occurring between 1988 and 1991, the three years immediately
> prior to filing the action.

Gandy, 24 F.3d at 864.  Like FLSA cases, Equal Protection Act cases are subject to the

statute of limitations in 29 U.S.C. §255.  Id. at 863.

Here Rumpz alleges that, from 1991 to 1996, American Drilling failed to pay him for

waiting time, vehicle loading time, and travel time.  He further alleges that, beginning in

1996, American Drilling compensated him for those activities, but did not count those hours

7

in calculating his overtime compensation.  Rumpz is correct to assert that the continuing violation doctrine applies to this case.  However, the doctrine cannot save his otherwise time barred claims.  Each paycheck for which American Drilling incorrectly calculated Rumpz's compensation was an independent violation of the FLSA and created a new cause of action.   As the Sixth Circuit made clear in <u>Gandy</u>, Rumpz is entitled to recover for any violation that occurred within the statute of limitations, but cannot recover for violations that occurred outside of the three-year limitations period.  Thus, the continuing violations doctrine does not provide a means to "save" the causes of actions for the alleged violations occurring from Rumpz's hire in March, 1991 to March 16, 2006 –  three years before he filed his complaint.

**4.**

Rumpz asserts that American Drilling should be estopped from asserting the statutes of limitations as an affirmative defense.  A court may employ equitable estoppel to toll the statute of limitations on a plaintiff's cause of action when the defendant took some affirmative action to prevent the plaintiff from filing his claim in a timely manner.  The Sixth Circuit requires the following elements to support a claim of equitable estoppel:

> 1) there must be conduct or language amounting to a misrepresentation of a material fact; 2) the party to be estopped must be aware of the true facts; 3) the party to be estopped must intend that the representation be acted on, or the party asserting the estoppel must reasonably believe that the party to be estopped so intends; 4) the party asserting the estoppel must be unaware of the true facts; and 5) the party asserting the estoppel must reasonably or justifiably rely on the representation to his detriment.

<u>Egerer v. Woodland Realty Inc.</u>, 556 F.3d 415, 425 (6th Cir. 2009).  Equitable estoppel focuses first on the conduct of the defendant, who must take "active steps in preventing the

plaintiff from suing in time."  Id.  But the conduct of the plaintiff is also considered.  The plaintiff's reliance must be reasonable and he must "demonstrate that his ignorance is not attributable to a lack of due diligence."  Id.

Here there is nothing on the face of the complaint suggesting the existence of any element of equitable estoppel.  The complaint includes no allegation that American Drilling misrepresented any fact to Rumpz, much less that Rumpz relied on such a misrepresentation to his detriment.  Therefore, as the record stands Rumpz cannot rely on the doctrine of equitable estoppel to save his otherwise time barred claims.

**5.**

If, based on the face of the complaint, it is apparent that a claim is barred by the statute of limitations, a court must dismiss the complaint unless it believes that the plaintiff may have a valid defense to the statute of limitations.

> A complaint containing a built-in defense usually is vulnerable under Rule 12(b)(6) to a motion to dismiss for failure to state a claim upon which relief can be granted.  The court, in its discretion, may allow the pleader to amend the complaint if it believes that the defense can be avoided. . . .  (footnotes omitted).

5 C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1226 (3d ed. 2004).  A court should freely grant leave to amend a compliant when justice requires.  FED. R. CIV. P. 15(a)(2).  Furthermore, the Sixth Circuit has stated that "the thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings."  Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir. 1986).

When Rumpz filed the complaint, he did not know that American Drilling would

9

assert the statutes of limitations as an affirmative defense.  Thus he had no reason to plead equitable estoppel in the complaint.  If Rumpz were to be successful in asserting the doctrine of equitable estoppel, it would toll the statutes of limitations for his pre-2006 claims. The Court expresses no opinion on the merits of Rumpz's assertion of equitable estoppel, but finds that it would be contrary to the principles of justice embodied in the Rules of Civil Procedure to dismiss his claims with prejudice. If Rumpz has a plausible defense based on equitable estoppel, it should be resolved on the merits, not on pleading technicalities. Therefore, American Drilling's motion will be stayed with respect to the pre-2006 claims pending the filing of an amended complaint.[2]

## B. Defective Pleading

American Drilling also asserts that Rumpz failed to state a claim upon which relief can be granted for the alleged violations occurring after March 16, 2006 because "Plaintiff has not made any reference in his complaint as to whether he was still employed by Defendant on or after March 16, 2006, or that Defendant continued to violate the FLSA by failing to apply time worked toward overtime requirements on or after March 16, 2006." (Doc. 8).  In other words, American Drilling asserts that Rumpz, as the plaintiff, must affirmatively plead that his claims are not barred by the statutes of limitations.  In Iqbal the Supreme Court heightened the pleading requirements for plaintiffs under FED R. CIV. P. 8(a)(2).  A plaintiff must plead every element of each claim that he or she wishes to assert.  Iqbal, 129 S.Ct. at 1947.  While Iqbal altered the

---

[2] The amended complaint will be subject to the heightened pleading standards of Iqbal.  To comply with these heightened requirements, Rumpz must do more than merely recite the elements of equitable estoppel in conclusory fashion.

meaning of Rule 8(a)(2), it did not change the responsibilities assigned to each party under Rule 8.  A plaintiff's complaint is still required to state a claim for relief, FED R. CIV. P. 8(a)(2), and a defendant's responsive pleading is still required to state affirmative defenses including the statute of limitations, FED R. CIV. P. 8(c).

American Drilling has not asserted that Rumpz failed to adequately plead each element of the alleged FLSA and MMWL violations.  The complaint alleges that Rumpz was an employee of American Drilling and that American Drilling failed to properly compensate him by not counting waiting time, vehicle loading time, and travel time toward his forty-hour work week when calculating his eligibility for overtime compensation.  Based on these factual allegations, it is plausible that American Drilling did violate the FLSA and MMWL.  Instead, American Drilling seeks to expand the scope of FED R. CIV. P. 8(a)(2) by requiring Rumpz to plead an avoidance of affirmative defenses.  Even under Iqbal's heightened pleading standard, a plaintiff is not required to anticipate and respond to every affirmative defense that a defendant may choose to assert.  To find otherwise would require a complaint to address and overcome every possible affirmative defense.  If American Drilling believes that none of the alleged violations occurred within the past three years, it is entitled to assert the statutes of limitations as an affirmative defense in its answer.  However, it is not entitled to alter the parties' responsibilities under Fed. R. Civ. P. 8 and require Rumpz to anticipate its affirmative defense and plead in avoidance of it.

**CONCLUSION**

For the reasons stated above, American Drilling's motion to dismiss is DENIED for all claims arising after March 16, 2006.  The motion is  STAYED for 20 days on all

11

claims arising prior to March 16, 2006 pending the filing of an amended complaint.

        SO ORDERED.



                                  s/ Avern Cohn
                                 AVERN COHN
                                 UNITED STATES DISTRICT JUDGE


Dated:  October 23, 2009


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 23, 2009, by electronic and/or ordinary mail.

                                  s/ Julie Owens
                                 Case Manager, (313) 234-5160