UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT RUMPZ,

    Plaintiff,

                                                  Case No. 09-10971

-vs-                                        HON. AVERN COHN

AMERICAN DRILLING & TESTING, INC.,
a Michigan corporation,

    Defendant.
_____/

## **MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

### I. Introduction

This is a Fair Labor Standards Act (FLSA) case under 29 U.S.C. § 201 et seq. with a pendant state law claim. Plaintiff Robert Rumpz (Rumpz) claims that defendant American Drilling & Testing Inc. (American Drilling), his former employer, failed to properly compensate him for work performed since 1991. The complaint is in two counts:

    (I)    Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

    (II)    Violation of the Michigan Minimum Wage Law (MMWL), MCL § 408.381 et seq.

Now before the Court is American Drilling's motion for partial dismissal under FED. R. CIV.P. 12(b)(6). American Drilling asserts that Rumpz's claims accruing prior to March 16, 2006 are barred by the statutes of limitations and are not subject to a defense of equitable estoppel. For the reasons that follow, the motion will be denied.

## II. Facts and Procedural History

### A. Facts

The following facts are taken from Rumpz's amended complaint.

Rumpz began working for American Drilling in March 1991 as a driller.

From March 1991 until 1996, American Drilling did not pay Rumpz for waiting time, vehicle loading time, or travel time between American Drilling's place of business and its work sites. Rumpz and other employees objected to American Drilling's failure to pay for these activities.

American Drilling's owner, Harley Corbin (Corbin), told the employees that he had looked into the matter and that American Drilling's compensation policy complied with applicable laws. Rumpz alleges that American Drilling knew its actions violated the law and Corbin told the employees that it was complying with the law to prevent them from bringing legal action against it. Rumpz says that, in reliance on American Drilling's averments regarding the legality of its compensation policies, he refrained from initiating legal action against it.

Beginning in 1996 American Drilling paid Rumpz for waiting time, vehicle loading time, and travel time. However, it did not count this as compensable time for purposes of calculating Rumpz's eligibility for overtime compensation.

Corbin again represented to the employees that American Drilling's compensation policy was fully compliant with applicable laws. Rumpz alleges that American Drilling knew its actions violated the law and Corbin told the employees that it was complying with the law to prevent them from bringing legal action against it. Rumpz says that, in reliance on American Drilling's averments regarding the legality of

2

its compensation policies, he refrained from initiating legal action against them.

## B. Procedural History

On March 16, 2009 Rumpz filed a complaint against American Drilling.

On July 20, 2009 American Drilling filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) as its first responsive pleading.

On October 23, 2009 the Court issued an order denying in part and staying in part American Drilling's motion. (Dkt. 14). The Court found that all of Rumpz's claims that had accrued prior to March 16, 2006 would be time barred unless the statutes of limitations were tolled. The Court also found that the continuing violations doctrine was not applicable to Rumpz's claim. Finally, the Court found that the doctrine of equitable estoppel could provide a basis to toll the statutes of limitations but that Rumpz had failed to plead facts necessary to establish such a defense. Rumpz was permitted to file an amended complaint claiming equitable estoppel. The Court also denied American Drilling's motion to dismiss with respect to claims accruing after March 16, 2006.

On November 11, 2009 Rumpz filed an amended complaint claiming equitable estoppel.

On November 20, 2009 American Drilling responded by filing a Motion to Dismiss Part of Plaintiff's Claim Under Fed. R. Civ. P. 12(b)(6) asserting that Rumpz had not adequately pleaded the defense of equitable estoppel. Rumpz responded to the motion on January 12, 2010. American Drilling has not filed a reply.

## III. STANDARD OF REVIEW

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombley, 550 U.S.544, 545 (2007); see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 1949 (internal quotation marks and citation omitted). This is a rather rigid test which must be carefully applied.

## IV. FLSA[1]

### A.

Under the FLSA, all hours worked must be compensated. 29 U.S.C. § 206, 207. An employee who works more than 40 hours in a week must be compensated at a higher rate for all hours in excess of 40 hours. Id. § 207(a)(2). The FLSA does not define "work." It has been defined by the Supreme Court as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." Tennessee Coal, Iron, and Railroad Co .v. Muscoda Local No. 123, 321 U.S. 590, 598 (1944). When employees are required to assemble at an employer's place of business prior to traveling to an off-site work location certain activities performed prior to arrival at the work site are considered work under the FLSA. The Sixth Circuit has held that employees must be compensated for "wait time" at an employer's place of business if it is "for the employer's benefit and at its behest." Chao v. Akron Insulation and Supply, Inc., 184 Fed. App'x 508, 511 (6th Cir. 2006). Employees must also be compensated for vehicle loading time and for travel time from an employee's place of business to work sites. See id. at 510, 512.

### B.

Rumpz's complaint alleges that, from 1991 to 1996, he was not compensated for waiting time, for vehicle loading time, or for travel time from American Drilling's place of business to the sites where he was assigned to work. The complaint further alleges that

---

[1]For purposes of this motion, the parties agree that statute of limitations and doctrine of equitable estoppel apply equally to Rumpz's FLSA and MMWL claims. Therefore the Court will only consider Rumpz's FLSA claim in this motion.

5

beginning in 1996 American Drilling paid Rumpz for the waiting time, vehicle loading time, and travel time, but did not count those hours when calculating his eligibility for overtime pay.

Because American Drilling has filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept Rumpz's factual allegations as true. Based on the facts alleged, it is reasonable to infer that Rumpz's uncompensated and undercompensated activity was "work" because it was performed for American Drilling's benefit and at its behest. Therefore, it is plausible that American Drilling's compensation policies violated the FLSA. So long as Rumpz can avoid the application of the statutes of limitations, the complaint states a claim upon which relief can be granted.

## V. Equitable Estoppel

The Court has established that Rumpz's claims accruing prior to March 16, 2006 will be time barred unless the statutes of limitations is tolled. The only issue before the Court is whether Rumpz can rely on the doctrine of equitable estoppel to toll the statutes of limitations.

### A. The Law

A court may employ equitable estoppel to toll the statute of limitations on a plaintiff's cause of action when the defendant took some affirmative action to prevent the plaintiff from filing his claim in a timely manner. The Sixth Circuit requires the following elements to support a claim of equitable estoppel:

> 1) there must be conduct or language amounting to a misrepresentation of a material fact; 2) the party to be estopped must be aware of the true facts; 3) the party to be estopped must intend that the representation be acted on, or the party asserting the estoppel must reasonably believe that the party to

6

be estopped so intends; 4) the party asserting the estoppel must be unaware of the true facts; and 5) the party asserting the estoppel must reasonably or justifiably rely on the representation to his detriment.

Egerer v. Woodland Realty Inc., 556 F.3d 415, 425 (6th Cir. 2009).

Equitable estoppel focuses first on the conduct of the defendant, who must take "active steps in preventing the plaintiff from suing in time." Id.; see also Singletary v. Continental Illinois National Bank and Trust of Chicago, 9 F.3d 1236, 1240 (7th Cir. 1993) ("Equitable estoppel suspends the running of the statute of limitations during any period in which the defendant took active steps to prevent the plaintiff from suing."). The first three elements the Egerer test address the steps that a defendant must take. Even if a defendant takes an active step to prevent the plaintiff from suing in time, the plaintiff's conduct is also considered. The plaintiff's reliance must be reasonable and he must "demonstrate that his ignorance is not attributable to a lack of due diligence." Egerer, 556 F.3d at 425.

**B. Application**

Rumpz asserts that American Drilling should be equitably estopped from asserting a statute of limitations defense. He alleges that American Drilling's owner represented that he had looked into the matter and that American Drilling's compensation practices fully complied with the law. Rumpz further alleges that he relied on this representation in not enforcing his legal rights at an earlier date. American Drilling asserts that it did not take and active step preventing Rumpz from suing within the statute of limitations and that Rumpz did not pursue his claim with due diligence.

7

**1.**

**a.**

American Drilling asserts that it did not take any active steps to prevent Rumpz from asserting his rights because he was fully aware of all of the material facts comprising his claim. Specifically, American Drilling says that Rumpz was aware of the work that he performed as well as the compensation that it provided for that work. It asserts that these facts were fully known to Rumpz and did not change over time. Because Rumpz was in possession of all of the facts necessary to state a claim under the FLSA, American Drilling says that none of its actions can be viewed as an active step preventing Rumpz from bringing his suit.

Despite American Drilling's assertion, Rumpz can maintain a defense of equitable estoppel even though he was aware of the facts comprising his claim. As the Eighth Circuit has noted, equitable estoppel "presupposes the plaintiff's knowledge of the facts underlying his or her cause of action." Dring v. McDonnel Douglas Corporation, 58 F.3d 1323, 1329 (8th Cir. 1995); see also Dillman v. Combustion Engineering, 784 F.2d 57, 61 (2d Cir. 1986) ("[E]quitable estoppel is invoked in cases where the plaintiff knew of the existence of his cause of action but the defendants' conduct caused him to delay brining his lawsuit."). Unlike equitable tolling, equitable estoppel does require that a plaintiff be unable to learn of the facts comprising a cause of action. Egerer, 556 F.3d at 422. Instead, it depends upon the actions of a defendant which induced a plaintiff to delay in bringing a claim. Knowledge of the facts supporting the cause of action does not preclude a finding of equitable estoppel.

Further, American Drilling overstates the active step required to prevent a plaintiff

from bringing an action. As Egerer makes clear, all that is required is (1) a misrepresentation of a material fact, (2) with knowledge of its falsity, (3) and intent to induce reliance. See id. at 425. It is sufficient for a plaintiff to prove that he was "lulled or tricked into letting the . . . filing deadline pass." Dring, 58 F.3d at 1329. Further, the misrepresentation of a material fact requirement must be construed broadly. Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 235 (1959) ("It is no answer to say, as respondent does, that the representations alleged were of law and not of fact and therefore could not justifiably be relied on by petitioner."). In Glus, the defendant represented that the relevant statute of limitations was seven years when it was actually three years. Id. at 231-32. Thus a misstatement of the law, if made knowingly and with the intent to induce reliance, can be the basis of a claim of equitable estoppel.

**b.**

**b.**

The factual allegations in the complaint are sufficient to create a plausible inference that American Drilling took active steps to prevent Rumpz from suing within the statute of limitations.[2] As stated above, the compensation policies described in the complaint are sufficient to state a claim under the FLSA. Therefore, Corbin's alleged representations that the compensation policies were lawful were both material and false. While the representations involve legal interpretations, they are not substantially different from the representation in Glus regarding the length of the statute of limitations.

---

[2]As noted above, a court must accept the truth of a plaintiffs factual allegations when reviewing a motion to dismiss. To prevail on the merits, Rumpz bears the burden of proof in convincing the trier of fact that the factual allegations comprising his claim of equitable estoppel are true.

In each case, the defendant made a representation that could affect when and if a plaintiff would bring a lawsuit.

It is also reasonable to assume that Corbin was aware of the falsity of his statement. He did not merely represent that the compensation policies were lawful; he said that he had looked into the matter. Because the compensation policies described in the complaint were illegal, it is reasonable to assume that Corbin would have learned of their illegality when he looked into the matter. Thus it is plausible that Corbin was either aware of the illegality of the compensation policy or failed to look into the matter. In either case, he would have known that his statement was false.

Finally, it is plausible that Corbin's statements were intended to induce reliance or that Rumpz reasonably believed that they were intended to induce reliance. The complaint states that Rumpz and other employees objected to the compensation policies before Corbin made his representations. Corbin's representations could reasonably be viewed as a response to the objections. In that context, the most reasonable purpose of the representations would be to assuage the employees' concerns and prevent them from taking further action based on their objections. Thus it is plausible, based on the facts alleged in the complaint, that Corbin's statements were either intended to induce action on the part of the employees or could have been reasonably interpreted to do so by the employees.

## 2.

### a.

American Drilling also asserts that Rumpz failed to exercise due diligence in discerning whether he had a cause of action under the FLSA. It asserts that Rumpz was aware of the material facts related to the compensation policies and had raised objections to them. In light of his objections, it asserts that due diligence required that the seek counsel to determine whether he had a cause of action against American Drilling.

### b.

To the extent that American Drilling asserts that Rumpz was aware that the compensation policies violated the FLSA, it is incorrect. Accepting the facts alleged in the complaint as true and drawing reasonable inferences in Rumpz's favor, it is plausible that he was unaware that the policy did in fact violate the FLSA. The complaint affirmatively states that Rumpz was unaware of any violation and nothing in the complaint contradicts that statement. Rumpz's knowledge of the facts underlying his claim does not mean that he should also have been aware that they comprised an FLSA violation. Rumpz is a driller, not an attorney, and has no expertise related to labor and unemployment law. Further, his objection to American Drilling's compensation policy is fully consistent with his lack of knowledge. At most it suggests doubt regarding the legality of the compensation policy. However, in light of Rumpz's lack of legal experience such doubt is not tantamount to knowledge or awareness of the illegality of the policy. Thus Rumpz's assertion that he was unaware is plausible and

11

uncontradicted by the other factual assertions in the complaint.

**c.**

American Drilling's assertion that Rumpz failed to exercise due diligence also implies that Rumpz's reliance on Corbin's statement was unreasonable. However, it does not assert that it is per se unreasonable to rely on an employer's representation that its actions comply with applicable laws. Because conflicts of interest may arise between employers and employees on issues of employment law, it may be unwise for an employee to accept an employer's representations at face value. However, a number of courts have permitted employees to maintain a defense of equitable estoppel after relying on an employer's representations. E.g., Glus, 359 U.S. 231 (relying on an employer's representation regarding the statute of limitations for a Federal Employers' Liability Act claim); Randle v. City of New Albany, Mississippi, No. 3:05CV74, 2006 WL 2085387 (N.D. Miss. July 25, 2006) (relying on employer's representations that its compensation policies complied with the FLSA).

In this case, Rumpz did not merely rely on Corbin's opinion that American Drilling's compensation policies were lawful. Corbin stated that he had looked into the matter and determined that the policies were lawful. Rather than stating an opinion, Corbin's representation suggested that an objective third party had determined that the compensation policies were lawful. When an employer's representations are bolstered by the apparent authority of an independent third party, it is plausible that reliance on the representation is both reasonable and justified.

**3.**

The complaint alleges sufficient facts to state a plausible claim that American Drilling took active steps to prevent Rumpz from bringing an FLSA claim when Corbin represented that the compensation policies were lawful. Under the circumstances, Rumpz exercised due diligence in relying on Corbin's statement. Therefore, Rumpz has stated a plausible claim that equitable estoppel should be applied to toll the statutes of limitation on his claims.

**CONCLUSION**

For the reasons stated above, American Drilling's motion for partial dismissal is DENIED. Rumpz may maintain a defense of equitable estoppel with respect to the statutes of limitations.

SO ORDERED.

_____

Dated: April 8, 2010
        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 8, 2010, by electronic and/or ordinary mail.

        S/Julie Owens
        Case Manager, (313) 234-5160